UNITED STATES DISTRICT COURT FOR THE
SOUTHERN DISTRICT OF WEST VIRGINIA
CHARLESTON



FILED

MAY 30 2014

TERESA L. DEPPNER, CLERK
U.S. District Court
Southern District of West Virginia

**UNITED STATES OF AMERICA**

v.  CRIMINAL NO. 2:14-00118
    18 U.S.C. § 1001(a)(2)

**GARY K. GRIFFITH**

# I N F O R M A T I O N

The United States Attorney Charges:

1. Defendant GARY K. GRIFFITH was the maintenance manager at the Mountain Laurel Mining Complex situated in or near Sharples, Logan County, an underground mine operated by the Mingo Logan Coal Company, which is a wholly-owned subsidiary of Arch Coal, Inc. ("Arch").

2. David E. Runyon, named herein as an unindicted co-conspirator, was the general manager of the Mountain Laurel Mining Complex.

3. North American Rebuild Company, Inc. ("NARCO"), was a West Virginia corporation headquartered in or near Smithers, Fayette County, manufactured, refurbished and repaired shuttle cars, which are critical pieces of equipment used in the operation of an underground coal mine.

4. NARCO was owned, in at least part, by a person known to the United States Attorney ("Known Person Five"), who served as the company contact when defendant GARY K. GRIFFITH needed to order a new or refurbished shuttle car.

5. Since at least sometime in 2006, defendant GARY K. GRIFFITH, for himself and on behalf of David E. Runyon, received illegal cash kickbacks from Known Person Five amounting to $6,000 to $10,000 for each new or refurbished shuttle car that was ordered for the Mountain Laurel Mining Complex (the "Shuttle Car Kickback Scheme").

6. Defendant GARY K. GRIFFITH has accepted at least $250,000 in cash kickbacks from Known Person Five.

### False Statement

7. On or about March 31, 2014, at or near Beaver, Raleigh County, West Virginia, within the Southern District of West Virginia and elsewhere, Defendant GARY K. GRIFFITH did knowingly and willfully make a materially false, fictitious, and fraudulent statement and representation in a matter within the jurisdiction of a department or agency of the United States, that is, the Internal Revenue Service, in that Defendant GARY K. GRIFFITH denied ever receiving kickbacks either personally or on behalf of David E. Runyon, when in truth and in fact as he then

well knew, that GARY K. GRIFFITH had received kickbacks on numerous occasions.

In violation of Title 18, United States Code, Section 1001(a)(2).

UNITED STATES OF AMERICA

R. BOOTH GOODWIN II
United States Attorney

By: _____
MEREDITH GEORGE THOMAS
Assistant United States Attorney

By: _____
THOMAS C. RYAN
Assistant United States Attorney