

**United States Department of Justice**

*United States Attorney*
*Southern District of West Virginia*

---

| | |
|---|---|
| *Robert C. Byrd United States Courthouse* | *Mailing Address* |
| *300 Virginia Street, East* | *Post Office Box 1713* |
| *Suite 4000* | *Charleston, WV 25326* |
| *Charleston, WV 25301* | *304-345-2200* |
| *1-800-659-8726* | *FAX: 304-347-5104* |

FILED

JUL 1 4 2014

TERESA L. DEPPNER, CLERK
U.S. District Court
Southern District of West Virginia

May 12, 2014

Thomas J. Gillooly
P. O. Box 3024
Charleston, West Virginia 25331

    Re:  United States v. Gary K. Griffith

Dear Mr. Gillooly:

   This will confirm our conversations with regard to your client, Gary K. Griffith.  As a result of these conversations, it is agreed by and between the United States and Mr. Griffith as follows:

   1. **CHARGING AGREEMENT.**  Mr. Griffith agrees to waive his right pursuant to Rule 7 of the Federal Rules of Criminal Procedure to be charged by indictment and will consent to the filing of a single-count information to be filed in the United States District Court for the Southern District of West Virginia, a copy of which is attached hereto as "Plea Agreement Exhibit A."

   2. **RESOLUTION OF CHARGES.**  Mr. Griffith will plead guilty to a violation of 18 U.S.C. § 1001(a)(2) (Material False Statement) as charged in said information.

   3. **MAXIMUM POTENTIAL PENALTY.**  The maximum penalty to which Mr. Griffith will be exposed by virtue of this guilty plea is as follows:

   (a) Imprisonment for a period of five years;

   (b) A fine of $250,000, or twice the gross pecuniary gain or twice the gross pecuniary loss resulting from defendant's conduct, whichever is greater;

            Defendant's
            Initials

Thomas J. Gillooly
May 12, 2014                          Re: Gary K. Griffith
Page 2

    (c)   A term of supervised release of three years;

    (d)   A mandatory special assessment of $100 pursuant to 18
        U.S.C. § 3013; and

    (e)   An order of restitution pursuant to 18 U.S.C. §§ 3663 and
        3664, or as otherwise set forth in this plea agreement.

    4.   **SPECIAL ASSESSMENT.**  Prior to the entry of a plea pursuant to this plea agreement, Mr. Griffith will tender a check or money order to the Clerk of the United States District Court for $100, which check or money order shall indicate on its face the name of defendant and the case number.  The sum received by the Clerk will be applied toward the special assessment imposed by the Court at sentencing. Mr. Griffith will obtain a receipt of payment from the Clerk and will tender a copy of such receipt to the United States, to be filed with the Court as an attachment to this plea agreement.  If Mr. Griffith fails to provide proof of payment of the special assessment prior to or at the plea proceeding, the United States will have the right to void this plea agreement.  In the event this plea agreement becomes void after payment of the special assessment, such sum shall be promptly returned to Mr. Griffith.

    5.   **RESTITUTION.**  Notwithstanding the offense of conviction, Mr. Griffith agrees that he owes restitution in the amount of $250,000 to Arch Coal, Inc. and agrees to pay such restitution, with interest as allowed by law, to the fullest extent financially feasible.  In aid of restitution, Mr. Griffith further agrees as follows:

    (a)   Mr. Griffith agrees to fully assist the United States in
        identifying and locating any assets to be applied toward
        restitution and to give signed, sworn statements and
        testimony concerning assets upon request of the United
        States.

    (b)   Mr. Griffith will fully complete and execute, under oath,
        a Financial Statement and a Release of Financial
        Information on forms supplied by the United States and will
        return these completed forms to counsel for the United
        States within seven calendar days from the date of the

_____
Defendant's
Initials

Thomas J. Gillooly
May 12, 2014                          Re: Gary K. Griffith
Page 3

> signing of this plea agreement.

   (c)   Mr. Griffith agrees not to dispose of, transfer or otherwise encumber any real or personal property which he currently owns or in which he holds an interest.

   (d)   Mr. Griffith agrees to fully cooperate with the United States in the liquidation of assets to be applied towards restitution, to execute any and all documents necessary to transfer title of any assets available to satisfy restitution, to release any and all right, title and interest he may have in and to such property, and waives his right to exemptions under the Federal Debt Collection Procedures Act upon levy against and the sale of any such property.

   (e)   Mr. Griffith agrees not to appeal any order of the District Court imposing restitution unless the amount of restitution imposed exceeds the amount set forth in this plea agreement. However, nothing in this provision is intended to preclude the Court from ordering Mr. Griffith to pay a greater or lesser sum of restitution in accordance with law.

      6.   **PAYMENT OF MONETARY PENALTIES.**  Mr. Griffith agrees not to object to the District Court ordering all monetary penalties (including the special assessment, fine, court costs, and any restitution that does not exceed the amount set forth in this plea agreement) to be due and payable in full immediately and subject to immediate enforcement by the United States. So long as the monetary penalties are ordered to be due and payable in full immediately, Mr. Griffith further agrees not to object to the District Court imposing any schedule of payments as merely a minimum schedule of payments and not the only method, nor a limitation on the methods, available to the United States to enforce the judgment.

      7.   **COOPERATION.**  Mr. Griffith will be forthright and truthful with this office and other law enforcement agencies with regard to all inquiries made pursuant to this agreement, and will give signed, sworn statements and grand jury and trial testimony upon request of the United States. In complying with this provision, Mr.

Defendant's
Initials

Thomas J. Gillooly
May 12, 2014                          Re: Gary K. Griffith
Page 4

Griffith may have counsel present except when appearing before a
grand jury.   Further, Mr. Griffith agrees to be named as an
unindicted co-conspirator and unindicted aider and abettor, as
appropriate, in subsequent indictments or informations.

8.   **USE IMMUNITY.**   Unless this agreement becomes void due to
a violation of any of its terms by Mr. Griffith, and except as
expressly provided for in paragraph 10 below, nothing contained in
any statement or testimony provided by Mr. Griffith pursuant to this
agreement, or any evidence developed therefrom, will be used against
Mr. Griffith, directly or indirectly, in any further criminal
prosecutions or in determining the applicable guideline range under
the Federal Sentencing Guidelines.

9.   **LIMITATIONS ON IMMUNITY.**   Nothing contained in this
agreement restricts the use of information obtained by the United
States from an independent, legitimate source, separate and apart
from any information and testimony provided pursuant to this
agreement, in determining the applicable guideline range or in
prosecuting Mr. Griffith for any violations of federal or state laws.
The United States reserves the right to prosecute Mr. Griffith for
perjury or false statement if such a situation should occur pursuant
to this agreement.

10.   **STIPULATION OF FACTS AND WAIVER OF FED. R. EVID. 410.** The
United States and Mr. Griffith stipulate and agree that the facts
comprising the offense of conviction and relevant conduct include
the facts outlined in the "Stipulation of Facts," a copy of which
is attached hereto as "Plea Agreement Exhibit B."

Mr. Griffith agrees that if he withdraws from this agreement,
or this agreement is voided as a result of a breach of its terms by
Mr. Griffith, and Mr. Griffith is subsequently tried on any of the
charges in the information, the United States may use and introduce
the Stipulation of Facts in the United States case-in-chief, in
cross-examination of Mr. Griffith or of any of his witnesses, or in
rebuttal of any testimony introduced by Mr. Griffith or on his behalf.
Mr. Griffith knowingly and voluntarily waives, see United States v.
Mezzanatto, 513 U.S. 196 (1995), any right he has pursuant to Fed.
R. Evid. 410 that would prohibit such use of the Stipulation of Facts.
If the Court does not accept the plea agreement through no fault of

Defendant's
Initials

Thomas J. Gillooly
May 12, 2014                              Re: Gary K. Griffith
Page 5

the defendant, or the Court declares the agreement void due to a breach of its terms by the United States, the Stipulation of Facts cannot be used by the United States.

The United States and Mr. Griffith understand and acknowledge that the Court is not bound by the Stipulation of Facts and that if some or all of the Stipulation of Facts is not accepted by the Court, the parties will not have the right to withdraw from the plea agreement.

11.  **AGREEMENT ON SENTENCING GUIDELINES**. Based on the foregoing Stipulation of Facts, the United States and Mr. Griffith agree that the following provisions of the United States Sentencing Guidelines apply to this case.

<u>USSG §2B1.1</u>

| | |
|---|---|
| Base offense level | 6 |
| Loss (Alternative Gain) ($200,000 < $400,000) | +12 |
| Abuse of Position of Trust | +2 |
| Adjusted Offense Level | 20 |

The United States and Mr. Griffith acknowledge and understand that the Court and the Probation Office are not bound by the parties' calculation of the United States Sentencing Guidelines set forth above and that the parties shall not have the right to withdraw from the plea agreement due to a disagreement with the Court's calculation of the appropriate guideline range.

12.  **WAIVER OF APPEAL AND COLLATERAL ATTACK.** Mr. Griffith knowingly and voluntarily waives his right to seek appellate review of his conviction and of any sentence of imprisonment, fine, or term of supervised release imposed by the District Court, or the manner in which the sentence was determined, on any ground whatsoever including any ground set forth in 18 U.S.C. § 3742(a), except that the defendant may appeal any sentence that exceeds the maximum penalty prescribed by statute.  The United States also agrees to

Defendant's
Initials

Thomas J. Gillooly
May 12, 2014                          Re: Gary K. Griffith
Page 6

waive its right to appeal any sentence of imprisonment, fine, or term of supervised release imposed by the District Court, or the manner in which the sentence was determined, on any ground whatsoever, including any ground set forth in 18 U.S.C. § 3742(b), except that the United States may appeal any sentence that is below the minimum penalty, if any, prescribed by statute.

Mr. Griffith also knowingly and voluntarily waives the right to challenge his guilty plea and his conviction resulting from this plea agreement, and any sentence imposed for the conviction, in any collateral attack, including but not limited to a motion brought under 28 U.S.C. § 2255.

The waivers noted above shall not apply to a post-conviction collateral attack or direct appeal based on a claim of ineffective assistance of counsel.

13. **WAIVER OF FOIA AND PRIVACY RIGHT.**  Mr. Griffith knowingly and voluntarily waives all rights, whether asserted directly or by a representative, to request or receive from any department or agency of the United States any records pertaining to the investigation or prosecution of this case, including without any limitation any records that may be sought under the Freedom of Information Act (FOIA), 5 U.S.C. § 552, or the Privacy Act of 1974, 5 U.S.C. § 552a, following final disposition.

14. **FINAL DISPOSITION.** The matter of sentencing is within the sole discretion of the Court. The United States has made no representations or promises as to a specific sentence.  The United States reserves the right to:

   (a)  Inform the Probation Office and the Court of all relevant facts and conduct;

   (b)  Present evidence and argument relevant to the factors enumerated in 18 U.S.C. § 3553(a);

   (c)  Respond to questions raised by the Court;

   (d)  Correct inaccuracies or inadequacies in the presentence report;

Defendant's
Initials

Thomas J. Gillooly
May 12, 2014                          Re: Gary K. Griffith
Page 7

    (e)   Respond to statements made to the Court by or on behalf of Mr. Griffith;

    (f)   Advise the Court concerning the nature and extent of Mr. Griffith's cooperation; and

    (g)   Address the Court regarding the issue of Mr. Griffith's acceptance of responsibility.

    15.  **VOIDING OF AGREEMENT.**  If either the United States or Mr. Griffith violates the terms of this agreement, the other party will have the right to void this agreement. If the Court refuses to accept this agreement, it shall be void.

    16.  **ENTIRETY OF AGREEMENT.**  This written agreement constitutes the entire agreement between the United States and Mr. Griffith in this matter. There are no agreements, understandings or recommendations as to any other pending or future charges against Mr. Griffith in any Court other than the United States District Court for the Southern District of West Virginia.

        Acknowledged and agreed to on behalf of the United States:

                  R. BOOTH GOODWIN II
                  United States Attorney

    By:

                  MEREDITH GEORGE THOMAS
                  Assistant United States Attorney

    By:

                  THOMAS C. RYAN
                  Assistant United States Attorney

TCR/smw

                            Defendant's
                            Initials

Thomas J. Gillooly
May 12, 2014                              Re: Gary K. Griffith
Page 8


I hereby acknowledge by my initials at the bottom of each of the
foregoing pages and by my signature on the last page of this
eight-page agreement that I have read and carefully discussed every
part of it with my attorney, that I understand the terms of this
agreement, and that I voluntarily agree to those terms and conditions
set forth in the agreement.   I further acknowledge that my attorney
has advised me of my rights, possible defenses, the Sentencing
Guideline provisions, and the consequences of entering into this
agreement, that no promises or inducements have been made to me other
than those in this agreement, and that no one has threatened me or
forced me in any way to enter into this agreement.   Finally, I am
satisfied with the representation of my attorney in this matter.


_____          _____
Gary K. Griffith                         Date Signed 5/13/14
Defendant


_____          _____
Thomas J. Gillooly                       Date Signed 5/13/14
Counsel for Defendant

UNITED STATES DISTRICT COURT FOR THE
SOUTHERN DISTRICT OF WEST VIRGINIA
CHARLESTON

UNITED STATES OF AMERICA

v.                                        CRIMINAL NO._____

                                          18 U.S.C. § 1001(a)(2)

GARY K. GRIFFITH

I N F O R M A T I O N

The United States Attorney Charges:

1.   Defendant GARY K. GRIFFITH was the maintenance manager at the Mountain Laurel Mining Complex situated in or near Sharples, Logan County, an underground mine operated by the Mingo Logan Coal Company, which is a wholly-owned subsidiary of Arch Coal, Inc. ("Arch").

2.   David E. Runyon, named herein as an unindicted co-conspirator, was the general manager of the Mountain Laurel Mining Complex.

3.   North American Rebuild Company, Inc. ("NARCO"), was a West Virginia corporation headquartered in or near Smithers, Fayette County, manufactured, refurbished and repaired shuttle

PLEA AGREEMENT EXHIBIT "A"

cars, which are critical pieces of equipment used in the operation of an underground coal mine.

4.  NARCO was owned, in at least part, by a person known to the United States Attorney ("Known Person Five"), who served as the company contact when defendant GARY K. GRIFFITH needed to order a new or refurbished shuttle car.

5.  Since at least sometime in 2006, defendant GARY K. GRIFFITH, for himself and on behalf of David E. Runyon, received illegal cash kickbacks from Known Person Five amounting to $6,000 to $10,000 for each new or refurbished shuttle car that was ordered for the Mountain Laurel Mining Complex (the "Shuttle Car Kickback Scheme").

6.  Defendant GARY K. GRIFFITH has accepted at least $250,000 in cash kickbacks from Known Person Five.

### False Statement

7.  On or about March 31, 2014, at or near Beaver, Raleigh County, West Virginia, within the Southern District of West Virginia and elsewhere, Defendant GARY K. GRIFFITH did knowingly and willfully make a materially false, fictitious, and fraudulent statement and representation in a matter within the jurisdiction of a department or agency of the United States, that is, the Internal Revenue Service, in that Defendant GARY K.

PLEA AGREEMENT EXHIBIT "A"

GRIFFITH denied ever receiving kickbacks either personally or on behalf of David E. Runyon, when in truth and in fact as he then well knew, that GARY K. GRIFFITH had received kickbacks on numerous occasions.

In violation of Title 18, United States Code, Section 1001(a)(2).

UNITED STATES OF AMERICA

R. BOOTH GOODWIN II
United States Attorney

By: _____
MEREDITH GEORGE THOMAS
Assistant United States Attorney

By: _____
THOMAS C. RYAN
Assistant United States Attorney

PLEA AGREEMENT EXHIBIT "A"

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF WEST VIRGINIA
CHARLESTON

UNITED STATES OF AMERICA

v.                              CRIMINAL NO. _____

GARY K. GRIFFITH

<u>STIPULATION OF FACTS</u>

The United States and Gary Griffith stipulate and agree that the facts comprising the offense of conviction in the Information in the Southern District of West Virginia, and the relevant conduct for that offense, include the following:

Dating back to at least the early 2000s, Mr. Griffith served as a maintenance manager for an Arch Coal, Inc. underground mine known as the Ben Creek mine, near the Logan and Mingo County lines.  At the time, as maintenance manager, Mr. Griffith was responsible for ordering repairs and replacement of heavy equipment, including shuttle cars.  Shuttle cars are primarily used for hauling debris created in the extraction of coal from the underground seam.

North American Rebuild Company, Inc. ("NARCO") is in the business of refurbishing and replacing shuttle cars.  A shuttle car's useful life is generally based on hauled spoilage tonnage. Once a shuttle car has reached its maximum useful life, coal companies like Arch generally swap out the used shuttle car for one refurbished by NARCO, rather than purchase a new one.  NARCO then takes the used shuttle car, strips down its parts and rebuilds the entire unit so it can be sold as refurbished. NARCO is owned by two individuals, one of which primarily serves as the salesman ("Known Person Five"), who would have dealt directly with Mr. Griffith when it was time to order a refurbished shuttle car.

Defendant's
Initials

PLEA AGREEMENT EXHIBIT "B"

Since at least sometime around 2002, Mr. Runyon served as the superintendent or general manager of Arch's Ben Creek mine operation.

Since at least that time, Known Person Five paid $3,000 cash each to Mr. Griffith and Mr. Runyon for every shuttle car that was ordered for the Ben Creek mine operation. Generally, Known Person Five delivered the cash to Mr. Griffith, who in turn split the money with Mr. Runyon (the "Shuttle Car Kickback Scheme").

Sometime in late 2005 or early 2006, Arch shifted operations from Ben Creek to the Mountain Laurel Mining Complex in or near Sharples, Logan County, which is an underground mine owned by one of Arch's wholly-owned subsidiaries. Mr. Runyon was transferred to serve as the general manager and Mr. Griffith was transferred to serve as the maintenance manager.

The Shuttle Car Kickback Scheme continued at the Mountain Laurel Mining Complex. At some point around 2008 or 2009, Mr. Griffith and Mr. Runyon raised the illegal cash kickback payment to $5,000 each for every refurbished shuttle car that was ordered.

Sometime around 2008, Mr. Griffith began suffering some health problems and eventually was placed on disability sometime around 2010.

On March 31, 2014, Internal Revenue Service ("IRS") special agents interviewed Mr. Griffith regarding his knowledge of allegations of any cash kickback payments made by any vendors at the Mountain Laurel Mining Complex. Mr. Griffith falsely denied any knowledge or involvement and knew the statement was unlawful when made.

The parties estimate that over the course of the Shuttle Car Kickback Scheme dating back to the early 2000s at Ben Creek, Mr. Griffith and Mr. Runyon each received approximately $125,000, totaling approximately $250,000 in illegal cash kickbacks paid by Known Person Five on behalf of NARCO.

Defendant's
Initials

**PLEA AGREEMENT EXHIBIT "B"**

This Stipulation of Facts does not contain each and every fact known to Mr. Griffith and to the United States concerning his involvement and the involvement of others in the charges set forth in the Information, and is set forth for the limited purpose of establishing a factual basis for the defendant's guilty plea.

Stipulated and agreed to:

_____   _____
GARY K. GRIFFITH         Date
Defendant

_____   _____
THOMAS J. GILLOOLY       Date
Counsel for Defendant

_____   _____
MEREDITH GEORGE THOMAS    Date
Assistant United States Attorney

_____   _____
THOMAS C. RYAN        Date
Assistant United States Attorney

Defendant's
Initials

**PLEA AGREEMENT EXHIBIT "B"**

3