IN THE UNITED STATES DISTRICT COURT FOR THE
SOUTHERN DISTRICT OF WEST VIRGINIA
CHARLESTON

**UNITED STATES OF AMERICA**

v.                               CRIMINAL NO. 2:14-00114

**RONALD BARNETTE**

**and**

**UNITED STATES OF AMERICA**

v.                               CRIMINAL NO. 2:14-00118

**GARY K. GRIFFITH**

### MEMORANDUM OF LAW REGARDING THE DEFINITION OF WILLFULLY FOR THE PURPOSE OF 18 U.S.C. § 1001

Comes now the United States of America, by Meredith George Thomas, Assistant United States Attorney for the Southern District of West Virginia, and submits this memorandum of law regarding the definition of the term willfully for the purposes of a violation of Title 18, Section 1001.

**I.  Background**

This Court, in taking the information pleas of defendants Gary Griffith, Criminal No. 2:14-00118, and Ronald Barnette, Criminal No. 2:14-00114, indicated an intention of pursuing, via written opinion, its definition of willfully for the purposes of 18 U.S.C. § 1001.

At defendant Barnette's plea hearing, which occurred on the afternoon after Griffith's hearing, the United States relayed to the Court that the Department of Justice recently filed briefs opposing

Petitions of Certiorari relating to the definition of willfully for the purposes of 18 U.S.C. §§ 1035 and 1001. At the request of the Court, the United States also informed defendant Griffith's counsel of the issue regarding the term willfully.

The Court stated that it would allow the United States to file a memorandum regarding its proposed definition of willfully.

**II. Defining the term "willfully" for purposes of § 1001**

This memorandum sets forth the position of the United States regarding the definition of willfully for the purposes of § 1001.

On March 10, 2014, the United States filed briefs with the Supreme Court of the United States opposing Petitions for Certiorari in <u>Russell v. United States</u>, No. 13-7264, and <u>Ajoku v. United States</u>, No. 13-7264. <u>See</u> Ex. 1 (<u>Brief of the United States in Opposition</u>, <u>Russell</u> <u>v. United States</u>, 2014 WL 1571932, (No. 13-7357)); Ex. 2 (<u>Brief of the United States in Opposition</u>, <u>Ajoku v. United States</u>, 2014 WL 1571930, (No. 13-7264)). In these briefs, the United States asserted that the definition of willfully for purposes of § 1001 requires that defendant acted with knowledge that his conduct was unlawful. While the briefs addressed the willfully definition related to violations of 18 U.S.C. § 1035, as the defendants Russell and Akoju were charged and convicted of that statute, the briefs also recognized that the same definition should apply to § 1001, as both statutes require that a false statement be made willfully and knowingly.

2

As the Solicitor General explained in the briefings, the courts of appeal are divided on the definition of willfully in the context of § 1001. Six other circuits, including the Fourth Circuit Court of Appeals, have held that the definition of willfully means that the government must prove that the defendant deliberately made the statement knowing it was false. See United States v. Gonsalves, 435 F.3d 64, 72 (1st Cir. 2006); United States v. Daughtry, 48 F.3d 829, 831-32 (4th Cir.), vacated on other grounds, 516 U.S. 984 (1995); United States v. Hopkins, 916 F.2d 207, 214 (5th Cir. 1990); United States v. Hildebrandt, 961 F.2d 116, 118 (8th Cir. 1992); United States v. Ajoku, 718 F.3d 882, 890 (9th Cir. 2013), vacated and remanded, 134 S.Ct. 1872 (2014) (remanded "for further consideration in light of the confession of error by the Solicitor General in his brief"); Walker v. United States, 192 F.2d 47, 49-50 (10th Cir. 1951). Two circuits have held that the "willfully" element in § 1001 requires proof that the defendant had "knowledge of the general unlawfulness of the conduct at issue." United States v. Starnes, 583 F.3d 196, 210 (3d Cir. 2009); see also United States v. Bakhtiari, 913 F.2d 1053, 1060 n.1 (2d Cir. 1990). In the Seventh Circuit, the definition of willfully appears to be an open question. See United States v. Ranum, 96 F.3d 1020, 1028-29 (7th Cir. 1996); United States v. Brandt, 546 F.3d 912, 916 (7th Cir. 2008).

As of March 10, 2014, filings of the oppositions to Petition for Certiorari, the United States now contends that the term

3

"willfully," for the purposes of §§ 1001 and 1035, means that defendant acted with knowledge that his conduct was unlawful.

As the Solicitor General explained, the Supreme Court has not addressed the term willfully in the context of § 1001, but has taken the position that "in the criminal context, a 'willful' act is one undertaken with a 'bad purpose.'" Bryan v. United States, 524 U.S. 184, 191 (1998). "[T]o establish a 'willful' violation of a [criminal] statute, the government must prove that the defendant acted with knowledge that his conduct was unlawful." Id. at 191-92 (quoting Ratzlaf v. United States, 510 U.S. 135, 137 (1994)). However, the government need not show that the defendant knew about the specific provision he violated or prove that he "disregard[ed]. . . a known legal obligation." Bryan, 524 U.S. at 198-99. It is sufficient if the defendant was aware that the charged conduct was, in a general sense, in violation of the law. See id. at 189-91, 193-96. This definition is distinguishable from the more stringent interpretations of "willfully" used in the context of some tax statutes or other "highly technical statutes." See Bryan, 524 U.S. at 194-95.

This proposed definition for the word "willfully" also distinguishes the word from the definition of knowingly, preventing willfully as used in the statute from being merely surplusage, as the United States Supreme Court has cautioned against. See Ratzlaf,

4

510 U.S. at 141; See Ex. 1 at *11 (arguing that this definition gives willfully some "independent effect.").

For the reasons stated, the United States respectfully requests that this Court consider that the term willfully, for the purpose of 18 U.S.C. § 1001, means that defendant acted with knowledge that his conduct was unlawful.

          Respectfully submitted,

          R. BOOTH GOODWIN II
          United States Attorney

By:
          /s/Meredith George Thomas
          MEREDITH GEORGE THOMAS
          Assistant United States Attorney
          WV Bar No.10596
          300 Virginia Street, East
          Room 4000
          Charleston, WV 25301
          Telephone: 304-345-2200
          Fax: 304-347-5104
          Email:meredith.thomas@usdoj.gov

CERTIFICATE OF SERVICE

It is hereby certified that the foregoing "Memorandum of Law Regarding the Definition of Willfully for the Purpose of 18 U.S.C. § 1001" has been electronically filed and service has been made on opposing counsel by virtue of such electronic filing this 29th day of August, 2014, to:

>Michael B. Hissam, Esquire
>209 Capitol Street
>Charleston, West Virginia 25301
>*Counsel for Ronald Barnette*
>
>Thomas J. Gillooly, Esquire
>P. O. Box 3024
>Charleston, West Virginia 25331
>*Counsel for Gary K. Griffith*

>/s/Meredith George Thomas
>MEREDITH GEORGE THOMAS
>Assistant United States Attorney
>WV Bar No.10596
>300 Virginia Street, East
>Room 4000
>Charleston, WV 25301
>Telephone: 304-345-2200
>Fax: 304-347-5104
>Email:meredith.thomas@usdoj.gov