# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF WEST VIRGINIA
# CHARLESTON

**UNITED STATES OF AMERICA,**

    Plaintiff,

v.                                           Case No. 2:14-cr-00118

**GARY K. GRIFFITH,**

    Defendant

## PROPOSED ADDENDUM (ON RESTITUTION) TO DEFENDANT'S SENTENCING MEMORANDUM

Defendant, by counsel, submits this Addendum to his Sentencing Memorandum (ECF 13), filed on October 14, 2014.

### Facts Regarding Restitution

As explained in Defendant's Sentencing Memorandum (ECF 13), at n. 2, Defendant and the government agree that the $250,000 involved in the shuttle-car-rebuild scheme was split equally between this Defendant and Defendant Runyon. (Runyon is charged in Case No. 2:14-cr-00117.) More specifically, Defendant said in fn. 2 of his Sentencing Memorandum:

> At the time Mr. Griffith signed his plea agreement, the undersigned was not aware that in the government's view, Defendant Runyon had use immunity with respect to the shuttle-car scheme. Counsel assumed that the $250,000 involved in the scheme, which was split equally between Mr. Griffith and Mr. Runyon, would be a matter of joint and several liability. However, the government's position is that Mr. Runyon's immunity bars it from agreeing that Defendant Runyon should be accountable for any part of the $250,000. Mr. Griffith has not challenged the government's position and will comply (assuming the Court so orders) with the requirement in his plea agreement that he make restitution for the full amount.

*Id*.

The undersigned is advised that the United States Attorney's office does not consider that it has discretion to agree, in this case, to any restitution payment arrangements other than full and immediate payment, in a lump sum. Counsel was referred to 18 U.S.C. § 3771(a)(6) as authority on the point.[1]

Mr. Griffith's assets that are available to satisfy his restitution obligation consist principally of tax-deferred retirement accounts (which are invested in mutual funds). *See* the Defendant's financial statement and financial disclosures. Defendant has few substantial assets that can be liquidated without incurring income tax consequences. Some time ago, with counsel's assistance, Mr. Griffith engaged a certified public accountant, Stephen E. Kawash, to assist him with the transactions needed to liquidate funds for restitution.[2]

Mr. Kawash recently advised Defendant and the undersigned that in order to liquidate sufficient funds to net $250,000 for a single restitution payment, Defendant would have to seek a distribution of something on the order of $325,000, so as to cover his associated federal income tax liability. It is counsel's understanding that amounts distributed from tax-deferred accounts in the current tax year would be treated as income taxable to Mr. Griffith in the current tax year. The total restitution amount, if treated as income in 2015, would put the Defendant in a tax bracket far higher than his ordinary income ever has, or ever would under ordinary circumstances.

---

[1] **§ 3771. Crime victims' rights (a) Rights of crime victims**.--A crime victim has the following rights . . . :

(6) The right to full and timely restitution as provided in law.

[2] Mr. Kawash was also retained to provide advice on potential tax liability in connection with the underlying conduct in the case.

As the court is no doubt aware, a principal purpose of tax-deferred accounts is to maximize savings by permitting the taxpayer to pay taxes after retirement, when his total income will presumably be lower than during his working years. Although the Defendant is old enough not to pay an actual "penalty" on the withdrawals, a lump sum restitution payment would penalize him by dramatically increasing his tax rate.

Mr. Kawash has advised the undersigned that spreading Mr. Griffith's restitution payments over three years would significantly reduce the tax liability that a single lump sum payment would create. It is counsel's belief that Mr. Griffith could discharge his restitution liability in three annual payments, without the need for monthly payments and accounting.

### Applicable Legal Authority on Restitution

The undersigned believes it is undisputed that this case does not involve mandatory restitution under 18 U.S.C. § 3663A. Rather, the case falls under the discretionary restitution statute, 18 U.S.C. § 3663. That statute provides:

> The court, in determining whether to order restitution under this section, shall consider--
>
> **(I)** the amount of the loss sustained by each victim as a result of the offense; and
>
> **(II)** the financial resources of the defendant, the financial needs and earning ability of the defendant and the defendant's dependents, <u>and such other factors as the court deems appropriate</u>.

18 U.S.C. § 3663(a)(1)(B)(I) [emphasis added].[3] Defendant submits that the statute permits the Court to treat his potential tax liability in connection with a lump sum payment as an appropriate factor.

---

[3] Section 3663(a)(3) provides that "[t]he court may also order restitution in any criminal case to the extent agreed to by the parties in a plea agreement."

-3-

18 U.S.C. § 3664(f)(2) provides:

> Upon determination of the amount of restitution owed to each victim, the court shall, pursuant to section 3572, specify in the restitution order the manner in which, and the schedule according to which, the restitution is to be paid, in consideration of–
>
> **(A)** the financial resources and other assets of the defendant, including whether any of these assets are jointly controlled;
>
> **(B)** projected earnings and other income of the defendant; and
>
> **(C)** <u>any financial obligations of the defendant</u>; including obligations to dependents.

18 U.S.C. § 3664(f)(2) [emphasis added]. Defendant submits that his potential extraordinary tax liability is a "financial obligation" within the meaning of the statute.

Section 3664(f)(3)(A) provides: "A restitution order may direct the defendant to make a single, lump-sum payment, partial payments at specified intervals, in-kind payments, or a combination of payments at specified intervals and in-kind payments." *See* U.S.S.G. § 5E1.1(e).

### **Conclusion**

The undersigned submits that the relevant statutes and sentencing guidelines give the Court sufficient authority and flexibility, in the exercise of its discretion, to fashion a restitution order providing for payment of Defendant's restitution obligation (assuming the Court orders restitution) over a period of time, such as three years, rather than in a single lump-sum payment.

Defendant respectfully asks the Court to so exercise its discretion, taking into account all of the facts and circumstances of the case, including the factors addressed in Defendant's original Sentencing Memorandum.

Respectfully submitted March 4, 2015.

**GARY K. GRIFFITH,**
By Counsel

_____
Thomas J. Gillooly
Attorney at Law
P.O. Box 3024
Charleston, WV 25331
304 546-7228
fax 720-2276
tgillooly@gmail.com
*Counsel for Defendant Griffith*

## CERTIFICATE OF SERVICE

I hereby certify that on March 4, 2015, I filed the foregoing document electronically, using the CM/ECF system, which will send notification of the filing to:

>Meredith George Thomas
>Assistant United States Attorney

_____
Thomas J. Gillooly