IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA
AT CHARLESTON

```
─────────────────────────────────x
                                 :
UNITED STATES OF AMERICA,        :      Criminal Action
                                 :
            Plaintiff,           :      No.  2:14-cr-00118
                                 :
v.                               :
                                 :      Date:  March 10, 2015
GARY K. GRIFFITH,                :
                                 :
            Defendant.           :
─────────────────────────────────x
```

TRANSCRIPT OF SENTENCING HEARING STARTED BUT NOT COMPLETED
BEFORE THE HONORABLE THOMAS E. JOHNSTON, JUDGE
UNITED STATES DISTRICT COURT
IN CHARLESTON, WEST VIRGINIA

APPEARANCES:

For the Government:        AUSA MEREDITH G. THOMAS
                           U.S. Attorney's Office
                           P.O. Box 1713
                           Charleston, WV  25326-1713

For the Defendant:         THOMAS J. GILLOOLY, ESQ.
                           P. O. Box 3024
                           Charleston, WV 25331-3024


Court Reporter:            Ayme Cochran, RMR, CRR

Proceedings recorded by mechanical stenography;
transcript produced by computer.

1       PROCEEDINGS had before The Honorable Thomas E. Johnston,
2 Judge, United States District Court, Southern District of West
3 Virginia, in Charleston, West Virginia, on March 10, 2015, at
4 1:58 p.m., as follows:
5       COURTROOM DEPUTY CLERK: The matter before the Court is
6 the United States of America versus Gary Griffith, criminal
7 action number 2:14-cr-00118, scheduled for sentencing.
8       THE COURT: Good afternoon. Will counsel please note
9 their appearances?
10       MS. THOMAS: Meredith Thomas on behalf of the United
11 States.
12       MR. GILLOOLY: Good afternoon, Your Honor. Tom
13 Gillooly for Gary Griffith, who is seated here with me.
14       THE COURT: Good afternoon. Before we get started, I
15 want to raise an issue that has been vexing me for the last
16 24 hours and I'll just get right to it. As I was preparing for
17 this -- let me back up.
18     A couple weeks ago, an issue came up in another case,
19 unrelated to this one, that caused me, for the first time in
20 probably 20 years, to go back into Chapter 1 of the guidelines
21 and re-visit the relevant conduct rules and I've spent a lot of
22 time with those rules over the last two weeks refreshing my
23 memory on them.
24     Most of the time, relevant conduct seems fairly
25 straightforward. Often, there's no objections; so it's rare that

1  I'm going to question something where there's no objections or
2  where it's been agreed to.
3      However, as I was preparing for this sentencing yesterday,
4  the enhancement for the value of the kickbacks started to eat at
5  me, and so I started to look at it more closely, and my first
6  reaction was to go to 2B1.1, and you've got the Base Offense
7  Level of 6 in Subsection (a), and then right under that is
8  Subsection (b)(1) that establishes enhancements based on amounts
9  of losses or gains, and that's the guideline you go to with a
10 1001 offense.
11     However, (b)(1), Subsection (b)(1) of 2B1.1, is not
12 something that's applied automatically and, to apply it, you have
13 to apply relevant conduct rules under Section 1B1.3, and I
14 started getting into that and, looking more closely at that, and
15 the more I looked at it, the more I came to the conclusion that I
16 can't figure out how this enhancement applies to this particular
17 charge.
18     So, I had my law clerk look at it and he produced an
19 analysis.  I won't go into detail about it, but he produced one
20 analysis that, frankly, I wasn't particularly convinced by.
21     I talked to the probation officer.  She produced an analysis
22 in support of the enhancement that was different from the one
23 that my law clerk produced and I also was not convinced by it.
24     So I called the Sentencing Commission.  They have a hotline
25 where you can run issues by them and get their perspective on it,

and it was very clear when I talked to the lady at the Sentencing Commission she knew what she was doing, and she got back with me rather quickly.

And this is an informal opinion. It doesn't have the force of law, but these people do have expertise in the guidelines, and the informal opinion I got from the Sentencing Commission is that this enhancement does not apply.

So, that's not the final word on it, but -- and I don't know what extent you all looked at this, but if you dig into Section 1B1.3, you might have a hard time. I don't know if you all have dug into that or not in analyzing this. Mr. Gillooly is shaking his head no. I kind of figured that might be the answer.

MR. GILLOOLY: I think I would have said something, Judge, no. I missed that issue.

THE COURT: Well, you know, my first thought when I got into this was to admonish you a bit about that, but you're not the only one that missed it, as it turns out, so I'm not going to -- I think it's not an easy issue and it requires some careful study of the Relevant Conduct Rules, and it's still possible that I could be wrong, but I feel that it's at least a serious issue when the Sentencing Commission is telling me that it doesn't apply.

So, I think what I'm going to do for this case, is I'm going to ask you all to take a look at it and brief it, or tell me, yeah, Judge, we think you're right. Obviously, it makes a huge

difference in this case, so I'm going to have you brief it.

Now, I asked Mr. Hissam and his client to be here today because the exact same issue exists in that case, even though I have already sentenced Mr. Barnette.

And I've really been struggling with that, Mr. Hissam. By the way, I appreciate you putting a suit on. You didn't have to do that.

I've really been struggling with Mr. Barnette because -- for a couple of reasons.

By the way, I'll note for the record that Michael Hissam, Attorney Michael Hissam, is present in the courtroom, along with his client, Mr. Ronald Barnette, who was sentenced 13 days ago.

Rule 35(a) provides that within 14 days of the oral pronouncement of sentence, a sentence may be modified for clear error. Now, in Mr. Barnette's case, I'm a little less concerned than I would be if I had sentenced him to prison but, nonetheless, the sentencing calculation in that case did influence the sentence.

For example, and specifically, if the 12-level enhancement had not applied, Mr. Barnette's Total Offense Level, without the -- without the 5K, would have been maybe a 4. It would have been extremely low. With the 5K, it may have been below the guidelines. The chances of me giving home confinement under those circumstances would be pretty limited. It may have also affected the amount of the fine.

1        Now, the problem I have is that I'm not prepared today, I
2   don't think, to say that this is absolutely an error, and I'm
3   certainly not sure that it's clear error, and I'm not sure I'm
4   prepared to decide that by tomorrow when the time will run out
5   for the 35(a), and so I'm not sure how to approach that.
6        That's one of the reasons, Mr. Hissam, I wanted to have you
7   and your client both here today, so you may or may not be able to
8   discuss that and come to some sort of a resolution on it.
9        I do think that if I conclude that this is a problem, I can
10  probably fairly easily modify the term of probation.  I don't
11  know that I would have given a different term of probation, but I
12  might -- I'm pretty sure I wouldn't have given home confinement.
13       I don't think I can do that with the fine.  I'm not sure
14  what to do with the fine, actually.  I don't think there's a
15  mechanism for me, at least not under the law I've looked at, to
16  address the fine except under Rule 35(a), but to get to Rule
17  35(a), I have to conclude that there's not only an error, but
18  it's clear.
19       This is kind of convoluted, so I don't know how clear it is
20  in terms of being a clear error.  So, I'm not so sure that in the
21  next 24 hours, I can conclude, A., that this is error and, B., if
22  it is, if it's clear error.
23       So I wanted to lay all of that out for you, Mr. Hissam, so
24  that you would be aware of it, and I also -- as I thought about
25  it, I'm not sure, because Mr. Barnette is not in prison, I don't

know if 2255 would apply even. So I think I wanted to give you this to think about and to chew on and decide what you wanted to do, if anything.

I just -- I guess what I'm saying is I'm really not prepared, as I sit here right now anyway, to have a Rule 35(a) hearing on this tomorrow, which would be the last day I could do it.

So, do you have any thoughts on that, Mr. Hissam? And I know I'm hitting you with this cold, so --

MR. HISSAM: Yes, Your Honor. I'll step up. Do you want me to step up to the podium?

THE COURT: Whatever.

MR. HISSAM: Just to answer the Court's last question, my understanding is that a 2255 does apply for a probationer. The Supreme Court has interpreted in custody and 2254 and 2255 still apply to that statute, as well. So, just to answer that question, I think that is true.

Your Honor, I'm certainly prepared to make a Rule 35 motion as soon as I return to my office. I understand the concerns. I understand the -- obviously, I understand the Court's comments on clear error, and I think the Court understands, also, the context of plea negotiations and an agreement to a guideline. I think the Court is well aware that there's a variety of charges at issue in these various cases.

Interestingly, there's very few cases before this Court in

1  this investigation that present the fraud, mail and wire fraud or
2  honest services fraud under those statutes, and that is very
3  clearly by the government's design, and by the defendant's
4  design, and the concerns over relevant conduct.
5      Unlike Mr. Gillooly, I will tell Your Honor that I have
6  looked at this issue and it is very, very -- it is very, very
7  complicated, but in the context of plea negotiations, it was also
8  -- it was the only option, Your Honor, and it -- I understand
9  that the -- that's probably not a satisfactory answer to the
10 Court, but when the government is telling you that your client is
11 going to be indicted with everything under the sun and going to
12 face relevant conduct that constitutes everything under the sun
13 and your only option is to take 1001 with a locked table for a
14 cross reference and to stipulate to that in the plea agreement,
15 those are the circumstances that defense counsel face.
16           THE COURT:  Well, I appreciate that, and I've heard
17 similar comments in a prior case involving a lot of defendants
18 that was put together in some haste and I have learned that, for
19 better or for worse, I have to be vigilant for issues that
20 counsel either has missed or hasn't raised, and that's where we
21 are today.
22     I'm not criticizing anybody on this one because this was --
23 I think this is a difficult issue, at least, to spot.  The more I
24 look at it, the more I think it's a problem, but I'm going to
25 give the parties in this case an opportunity to weigh in on that.

Obviously, that's not going to happen between now and tomorrow.

So, I just wanted to put you on notice of it, Mr. Hissam, and, you know, I think probably the best way -- the best approach for you to take on this, and I'm not going to tell you how to do your job, is let's wait and see what these parties come up with and then, to tee the issue up for me to decide, you know, whether or not there is error here, but I would be hard pressed to find that there is clear error between now and tomorrow.

So -- and maybe when it's all said and done, I'll look back and say, yes, that was clear error, I don't know, but I would be hard pressed to make that finding in the next 24 hours.

MR. HISSAM: And I understand that.

THE COURT: And, unfortunately, Rule 35(a)'s deadline cannot be extended, so that's -- I wanted you to be here so that I could put you on full notice of it.

MR. HISSAM: I appreciate that, Your Honor, and I do understand that and, just so the Court is aware, I do intend -- I will, of course, consult my client after hearing what was said today, but I do intend to act promptly, and I imagine that my client will expect me to take some action to file something, Your Honor.

THE COURT: Well -

MR. HISSAM: Because the home confinement, just to comment on the two things Your Honor mentioned, the home confinement was -- it had a serious impact on Mr. Barnette.

Given the nature of his new business, the business that he is in now, he does travel quite a bit and on a set schedule, and the fine, Your Honor, after the forfeiture amount that he did, in fact, pay, obviously, that was of an impact, and I don't want the Court to just think that it was just of passing interest. I'm sure the Court understands that.

THE COURT: I understand, and that's why I raised it, and it would be much worse if he was sitting in prison.

MR. HISSAM: Sure.

THE COURT: Which is what Mr. Griffith is facing potentially.

MR. HISSAM: Sure.

THE COURT: So, I will put it this way. If I end up ruling, based on the briefing of these parties, that this enhancement does not apply, I will welcome a 2255 or other similar appropriate relief filed on behalf of Mr. Barnette.

MR. HISSAM: Okay. Thank you, Your Honor.

THE COURT: And I will add that I will expedite the proceedings on that and not refer it to one of the magistrate judges. So that is probably the best we can do with this at the moment.

MR. HISSAM: Okay. Thank you, Your Honor.

THE COURT: Thank you. Appreciate you getting here on short notice and so well dressed.

(Laughter)

|   |   |
|---|---|
| 1 | THE COURT: All right. So how long do the parties in |
| 2 | the Griffith case need to brief this? |
| 3 | MR. GILLOOLY: Your Honor, has the Court given any |
| 4 | consideration to whether it's inclined to order simultaneous |
| 5 | briefing, or briefing and a response and a reply, or how it's |
| 6 | going to handle that part of it? |
| 7 | THE COURT: It's up to you all. It doesn't matter to |
| 8 | me. I just need to get the issue teed up so I can decide it and |
| 9 | I really think you all need to spend some time in Chapter 1, |
| 10 | 1B1.3, in particular, studying this. So -- and, obviously, as |
| 11 | much as anything, because of Mr. Barnette, I don't want to wait |
| 12 | forever on that. So -- |
| 13 | MR. GILLOOLY: The amount of time that comes to mind |
| 14 | for me, Judge, is two weeks. |
| 15 | MS. THOMAS: The United States could probably file |
| 16 | something in a week, if Mr. Griffith wanted -- or Mr. Griffith's |
| 17 | counsel wanted to respond in two weeks. |
| 18 | MR. GILLOOLY: I think that would make for a -- for a |
| 19 | more complete briefing, if we could do it that way, Judge. |
| 20 | THE COURT: Well, and, in the meantime, it's possible |
| 21 | that you all would come to the conclusion that -- well, in the |
| 22 | meantime, it's possible you all come to the conclusion that the |
| 23 | dumb old judge has it wrong and we had it right to begin with, or |
| 24 | you could come to the conclusion that you agree that it doesn't |
| 25 | apply. Either way, that will streamline things, I suppose, |

although, if you're going to conclude that I got it wrong, you're going to have to convince me why.

So -- but we'll start out with a week for the government, a week from today for the government, two weeks from today for the defendant, and we'll figure it out from there.

I will -- I will set -- I will continue the hearing to a date certain, but I don't know what that date is right now, so it will be obviously sometime after two weeks. I want to be able to look at what has been filed and digest it before I re-set it for a hearing. So it will probably be early April before I re-set the hearing.

Anything else we need to take up today?

MS. THOMAS: No, Your Honor.

THE COURT: Oh, one other thing, and I have had numerous discussions with Ms. Jones, the probation officer, about this, who has been very helpful. She pointed out to me that, under the same theory, arguably, Mr. Griffith was not in his position of trust at the time that he made the false statements. So that's another potential issue you might want to take a look at.

All right. Anything else today?

MR. GILLOOLY: Thank you, Your Honor.

MS. THOMAS: No, Your Honor.

THE COURT: Thank you.

(Proceedings concluded at 2:15 p.m., March 10, 2015.)

CERTIFICATION:

    I, Ayme A. Cochran, Official Court Reporter, certify that the foregoing is a correct transcript from the record of proceedings in the matter of United States of America, Plaintiff v. Gary K. Griffith, Defendant, Criminal Action No. 2:14-cr-00118, as reported on March 10, 2015.

<u>s/Ayme A. Cochran, RMR, CRR</u>                          <u>March 16, 2015</u>
Ayme A. Cochran, RMR, CRR                             DATE