UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION

FILED
AUG 13 2002
DAVID W. DANIEL, CLERK
US DISTRICT COURT
E. DIST. N. CAROLINA

NO. 5:02-CR-215-1-H3
NO. 5:02-CR-215-2-H3

| UNITED STATES OF AMERICA | ) |
|---|---|
| v. | ) INDICTMENT |
| MONTIQUA JARVELL BRYANT, a/k/a "Chinny," GAIL BUCKRHAM ROBERTSON | ) |

The Grand Jury charges that:

## INTRODUCTION

1. On August 2, 1996, GAIL BUCKRHAM ROBERTSON executed Bureau of Alcohol, Tobacco, and Firearms Form 4473 and certified that she was the actual buyer of four firearms, as that term "actual buyer" is defined on Form 4473 and purchased four firearms, two Ruger nine-millimeter pistols and two intratec nine-millimeter pistols from Uncle Todd's Gun Shop, a federally licensed dealer in firearms, located in Goldsboro, North Carolina.

2. In April 1997, the Bureau of Alcohol, Tobacco, and Firearms (hereinafter BATF) began a firearms trafficking investigation involving firearms purchased in the Goldsboro, North Carolina, area, that were recovered in Baltimore, Maryland.

3. In the Fall of 1997, the investigation focused on MONTIQUA JARVELL BRYANT, a/k/a "Chinny."

4. MONTIQUA JARVELL BRYANT, a/k/a "Chinny" is GAIL BUCKRHAM ROBERTSON'S nephew.

5. In the Fall of 1997, BATF agents interviewed various cooperating witnesses regarding the attempt by MONTIQUA JARVELL BRYANT, a/k/a "Chinny," to persuade said cooperating witnesses to purchase firearms on his behalf.

6. The allegations of the foregoing introductory paragraphs are realleged and made a part of each count of this indictment.

COUNT ONE

In or about September 1997, in the Eastern District of North Carolina and elsewhere, the defendant, MONTIQUA JARVELL BRYANT, a/k/a "Chinny," did knowingly attempt to corruptly persuade a person by contacting said person and telling said person that he should not cooperate with federal authorities, with the intent to hinder, delay, and prevent the communication to a law enforcement officer of information relating to the commission and possible commission of Federal offenses, to wit, the straw purchase and interstate transportation of firearms, in violation of Title 18, United States Code, Sections 922 and 924, all in violation of Title 18, United States Code, Section 1512(b)(3).

COUNT TWO

On or about October 30, 1997, in the Eastern District of North Carolina, the defendant, MONTIQUA JARVELL BRYANT, a/k/a "Chinny," in a matter within the jurisdiction of the Bureau of Alcohol, Tobacco, and Firearms, an agency within the executive branch of the government of the United States, did knowingly and willfully make

materially false, fictitious, and fraudulent statements and representations, in connection with an investigation of various firearms offenses including the straw purchase and interstate transportation of firearms, in violation of Title 18, United States Code, Sections 922 and 924, in that the defendant did state to an agent with the Bureau of Alcohol, Tobacco, and Firearms ("BATF") that he did not know an individual who was the subject of a criminal investigation by the BATF, when in truth and in fact the defendant did know said individual, in violation of Title 18, United States Code, Section 1001.

## COUNT THREE

On or about October 30, 1997, in the Eastern District of North Carolina, the defendant GAIL BUCKRHAM ROBERTSON, in a matter within the jurisdiction of the Bureau of Alcohol, Tobacco, and Firearms, an agency within the executive branch of the government of the United States, did knowingly and willfully make a materially false, fictitious, and fraudulent statement and representation in connection with a criminal investigation of various federal offenses including, the straw purchase and interstate transportation of firearms, in violation of Title 18, United States Code, Sections 922 and 924, in that the defendant did state to an agent with the Bureau of Alcohol, Tobacco, and Firearms that she withdrew money from her savings account at a State of North Carolina employee credit union to purchase four firearms from Uncle

3

Todd's Gun Shop, a federally licensed dealer in firearms, when in truth and in fact she did not withdraw money from her savings account at said State of North Carolina employee credit union to purchase said firearms, in violation of Title 18, United States Code, Section 1001.

## COUNT FOUR

On or about November 13, 1997, in the Eastern District of North Carolina, the defendant, MONTIQUA JARVELL BRYANT, a/k/a "Chinny," did knowingly and corruptly endeavor to influence, obstruct, and impede the due administration of justice, in that, the defendant, after being served with a subpoena issued by the Grand Jury that required the defendant to submit a photograph of himself to the Grand Jury, did upon being photographed contact a witness and tell said witness not to identify his photograph if federal agents displayed the defendant's photograph to said person, in violation of Title 18, United States Code, Section 1503.

## COUNT FIVE

On or about November 13, 1997, in the Eastern District of North Carolina and elsewhere, the defendant, MONTIQUA JARVELL BRYANT, a/k/a "Chinny," did knowingly attempt to corruptly persuade a person by contacting said person and telling said person that he should not cooperate with federal agents, specifically, the defendant told said person that should federal agents display a photograph of the defendant to said person that said person should

not identify the defendant's photograph, with the intent to hinder, delay, and prevent the communication to a law enforcement officer of information relating to the commission or possible commission of Federal offenses, to wit, the straw purchase and interstate transportation of firearms, in violation of Title 18, United States Code, Sections 922 and 924, all in violation of Title 18, United States Code, Section 1512(b)(3).

A TRUE BILL

_____
FOREPERSON

DATE: 8-13-02

FRANK D. WHITNEY
United States Attorney

_____
BY: GEORGE E. B. HOLDING
First Assistant United States Attorney